UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 10-8590 DSF (JCx) | Date | 12/13/10 |
|---|---|---|---|
| Title | Noah, et al. v. Countrywide Home Loans, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DISMISSING Action Sua Sponte

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Plaintiffs, being the parties asserting subject matter jurisdiction, have the burden of proving the Court may exercise subject matter jurisdiction over this action. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009). Plaintiffs allege that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332(d). (Compl. ¶ 8.) For the reasons noted below, Plaintiffs have not met their burden of establishing jurisdiction on either ground.

The Court has jurisdiction under 28 U.S.C. § 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted). This latter category of cases is "special and small." Id. at 699. Whether a claim raises a "substantial question of federal law" turns on whether the federal questions presented call for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). In addition, "in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Id. at 317. This means that "the federal issue will ultimately qualify for a federal forum [under § 1331] only if federal jurisdiction is consistent with congressional judgment about the sound division of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

labor between state and federal courts . . . ." Id. at 313-14.  In answering this question, courts should assess whether the exercise of jurisdiction could result in "a potentially enormous shift of traditionally state cases into federal courts." Id. at 319.  Plaintiffs' causes of action are not created by federal law, and there are no allegations that suggest they fit within the "special and small" category of § 1331 cases.

In order to establish jurisdiction under 28 U.S.C. § 1332(d) for a class action, inter alia, the amount in controversy must exceed $5,000,000 and at least one class member must be a citizen of a state different from at least one of the defendants.  Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007).  Plaintiffs failed to meet their burden of establishing jurisdiction pursuant to § 1332(d) for two reasons.  First, Plaintiffs have not specified what the amount in controversy is, or made a sufficient showing to prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (preponderance standard applies to amount in controversy analysis "where it is unclear or ambiguous from the face of a . . . complaint whether the requisite amount in controversy is pled").  Second, Plaintiffs failed to establish that minimal diversity exists because they have not properly pleaded Defendants' citizenship.  A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business.  § 1332(c).  Plaintiffs have alleged neither Defendants' state of incorporation nor its principal place of business.

Because Plaintiffs have not met their burden in establishing jurisdiction, the action is DISMISSED.

IT IS SO ORDERED.